IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**RUSSELL ROGERS**                                                                               **PLAINTIFF**

**VS.**                                         **CIVIL ACTION NO.: 3:19-CV-00142-GHD-JMV**

**THE TALLAHATCHIE GOURMET, L.L.C.**
**AND TORREY MITCHELL**                                                  **DEFENDANTS**

## ORDER DENYING MOTION TO STAY

**BEFORE THE COURT** are Defendant Torrey Mitchell's motion [32] to stay discovery pending the outcome of the criminal trial of Lane Mitchell, a non-party, and supporting memorandum [33]. On November 26, 2019, Defendant The Tallahatchie Gourmet, L.L.C., filed its joinder [34] to the motion and on December 2, Plaintiff filed his response [35] in opposition and supporting memorandum [36]. For the reasons given below, the motion is DENIED.

In his motion, Torrey[1] makes the following assertions:

1.      This lawsuit arises out of a stabbing incident that allegedly occurred on February 9, 2019, at Co-Defendant Tallahatchie Gourmet's premises. See Amended Complaint, D.E. #22, at ¶ 10.
2.      On February 9, 2019, Plaintiff was present at Defendant Tallahatchie Gourmet's premises. Id. at ¶ 7.
3.      On February 6, 2019, Defendant Torrey Mitchell was employed by Tallahatchie Gourmet and was working as the on-duty manager. Id. at ¶ 8.
4.      Plaintiff alleges that while on the premises at Tallahatchie Gourmet he was stabbed in the neck by Lane Mitchell, the son of Defendant Torrey Mitchell. Id. at ¶ 10.
5.      Lane Mitchell was not named as a defendant in this matter. Lane Mitchell was a high school senior at the time of this incident and was scheduled to receive his Eagle Scout Badge the next day at church.
6.      Lane Mitchell has been charged with attempted murder, simple. His case is currently pending in the Union County Circuit Court, Cause No. CR2019-129.
7.      Plaintiff's claims against the Defendants all arise out of the alleged criminal actions of Lane Mitchell.

---

[1] Torrey Mitchell and Lane Mitchell are referred to by their first names in this order for the sake of clarity and efficiency.

8. Lane Mitchell's criminal defense attorneys have instructed him not to answer any questions regarding this incident or discuss his pending criminal case with anyone.
9. If Lane Mitchell is subpoenaed to testify at deposition, his criminal defense attorneys have confirmed they will instruct their client to refuse to answer questions and invoke his Fifth Amendment right to remain silent.
10. Counsel for this Defendant cannot prepare an appropriate defense of their client without information, cooperation and assistance from Lane Mitchell, which is vital in order to explain the actions of Lane Mitchell.

Ultimately, Torrey avers that his counsel has been assured that following the resolution of Lane's criminal case, he will cooperate and provide testimony regarding the events that make the basis of this lawsuit.

Whether to stay a civil action pending resolution of a parallel criminal prosecution is not a matter of constitutional right, but, rather, one of court discretion that should be exercised when the interests of justice so require. *See U. S. v. Kordel*, 397 U.S. 1, 12 n. 27 (1970); *Dominguez v. Hartford Fin. Servs. Group, Inc.*, 530 F. Supp. 2d 902, 905 (S.D. Tex. 2008). A district court's discretionary authority to stay proceedings stems from its inherent authority to control the disposition of the cases on its own docket "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936).

"It 'is the rule, rather than the exception' that civil and criminal cases proceed together." *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F.Supp.2d 758, 761 (W.D. Tex. 2008) (citation omitted). And, the complete stay of a pending civil action until the conclusion of a related criminal proceeding is considered to be an "extraordinary remedy." *In re Piperi*, 137 B.R. 644, 646–47 (Bankr. S.D. Tex. 1991) (citing *Weil v. Markowitz*, 829 F.2d 166, 174 (D.C. Cir. 1987)). One reason for this is that a complete stay is tantamount to a defendant's "blanket assertion" of the Fifth Amendment, which is itself improper. *SEC v. Incendy*, 936 F.

Supp. 952, 957 (S.D. Fla. 1996). *See also U. S. v. Little Al*, 712 F.2d 133, 134–136 (5th Cir. 1983); *S.E.C. v. First Financial Group of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981) ("A blanket refusal to answer questions at deposition on the ground that they are privileged is an improper invocation of the fifth amendment [sic], irrespective of whether such a claim is made by a plaintiff, defendant, or a witness.") (citation omitted).

As far as the civil case is concerned, there is a strong presumption in favor of discovery, and it is the party who moves for a stay that bears the burden of overcoming this presumption. *Fresenius Medical*, 571 F. Supp. 2d at 761 (citing *United States v. Gieger Transfer Serv., Inc.*, 174 F.R.D. 382, 385 (S.D. Miss. 1997)). A district court should stay the civil case only upon a showing of "special circumstances," so as to prevent the defendant from suffering substantial and irreparable prejudice. *First Financial*, 659 F.2d at 668 (citations omitted).

In determining whether a stay is warranted under circumstances like those presented here, courts in the Fifth Circuit weigh six factors: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay; (4) the private interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interest. *See, e.g., Tajonera v. Black Elk Energy Offshore Operations, L.L.C.*, 2015 U.S. Dist. LEXIS 25213, 2015 WL 893447, at *9 (E.D. La. March 2, 2015).

In this case, the factors weigh against granting what would essentially be an indefinite stay of these proceedings. First, while it appears that Lane has been indicted, the Court agrees with Plaintiff that the issues involved in this case and the criminal case do not significantly overlap. Indeed, Torrey has failed to convince the Court that either conviction or exoneration of

Lane for attempted murder will have any great effect on his defense of Plaintiff's claims against him for breach of a duty owed in Torrey's capacity as a restaurant manager. Moreover, Torrey has not shown he has been charged with a crime or that his Fifth Amendment right against self-incrimination is at stake. Even as concerns Lane's Fifth Amendment right, he would not be lawfully entitled to the blanket assertion described in the motion if he were called upon to give testimony in this case.

Next, the Court finds Plaintiff's private interest in expeditiously prosecuting this matter is great considering both that an indefinite stay is being requested and the reality that the memories of numerous other witnesses are likely to fade over time. And, while Torrey characterizes Lane as a "vital" witness to his case, Lane is not the only witness to the incident that gave rise to this lawsuit; and Torrey has failed to persuade the Court he will be unable to defend against Plaintiff's allegations of negligence without Lane's testimony. Next, the Court's interest in handling this matter as expeditiously as possible is great in view of the fact that the stay requested here is for an indefinite amount of time and the chances of this matter being streamlined after resolution of the criminal matter are slim since there is no considerable overlap of issues between the two proceedings.

Lastly, for reasons already given, Torrey has not persuaded the Court any public interest strongly weighs in favor of granting an indefinite stay of these proceedings. Accordingly, the motion is denied without prejudice to Torrey's right to reurge it upon a showing of some substantial change with regard to facts affecting the factors discussed above.

SO ORDERED this 11th day of December, 2019.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE