UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

RUSSELL ROGERS     PLAINTIFF

v.     Civil No. 3:19-cv-000142-GHD-JMV

THE TALLAHATCHIE GOURMET, LLC, and
TORREY MITCHELL     DEFENDANTS

## OPINION DENYING MOTIONS TO DISMISS

Presently before the court are the separate motions of the Defendants to dismiss the Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Upon due consideration, the court finds that the motions should be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant Tallahatchie Gourmet, LLC, owns and operates a restaurant in New Albany, Mississippi. The Plaintiff, Russell Rogers ("Rogers"), alleges that on February 9, 2019, Defendant Torrey Mitchell ("Mitchell"), who at the time was on duty as the manager and bartender of the restaurant, negligently created and failed to defuse a hostile and unsafe environment that led to non-party Lane Mitchell, Torrey's son, stabbing Rogers in the neck with a knife and causing serious injuries and damages, while Rogers was present as a patron of the restaurant. Rogers asserts that Tallahatchie Gourmet, as Mitchell's employer, is liable both for Mitchell's negligence and for negligently failing to train Mitchell to defuse or control the situation; Rogers further avers that Mitchell is liable for his own negligence related to the incident. Rogers filed his Complaint [1] on June 28, 2019, and an Amended Complaint on October 1, 2019 [22].

## II. STANDARD FOR DISMISSAL UNDER RULE 12(B)(6)[1]

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955).

In other words, "plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (per curiam) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the

---

[1] In this diversity case, the court must apply the substantive negligence law of Mississippi. *Erie v. Tompkins*, 304 U.S. 64, 78–79, 58 S.Ct. 817, 82 L. Ed. 1188 (1938); *Am. Nat'l Gen. Ins. Co. v. Ryan*, 274 F.3d 319, 328 (5th Cir. 2001).

speculative level.'" *Emesowum v. Hous. Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

## III. ANALYSIS

### A. Plaintiff's Claims Against Defendant Torrey Mitchell

Rogers asserts a claim for negligence against Defendant Mitchell. For the reasons set forth below, the Court finds that Rogers has, at this juncture, adequately set forth a valid claim for relief against Mitchell.

Mitchell was the bartender and on-site manager of the subject Tallahatchie Gourmet restaurant in New Albany on the evening of February 9, 2019, while Rogers was present on the premises as a patron or business invitee. *See* Amd. Compl., Doc. 22, at p. 2. Rogers alleges that Mitchell was negligent in several respects on that date, including consuming alcohol and failing to defuse a hostile environment towards Rogers in the restaurant, and that Mitchell's negligent acts led to Rogers' injuries, which were a foreseeable result of Mitchell's negligence.

In order to recover on a negligence claim under Mississippi law, a plaintiff must prove that the defendant breached a particular duty owed to the plaintiff and that the breach of duty proximately caused damages. *Adams v. Hughes*, 191 So. 3d 1236, 1240 (Miss. 2016). As the Fifth Circuit has held, Mississippi law imposes on every person who undertakes an action "a duty of reasonable care to protect against causing injury to others." *Foradori v. Captain D's, L.L.C.*, 523 F.3d 477, 486 (5th Cir. 2008); *Dr. Pepper Bottling Co. of Miss. v. Bruner*, 245 Miss. 276, 148 So. 2d 199, 201 (Miss. 1962). While this duty requires that precautions be taken only against foreseeable risks, it is clear that a plaintiff can establish that the risk of injury is foreseeable when the sustained damages "reasonably could be expected to flow from the defendant's negligence." *Foradori*, 523 F.3d at 486; *Glover ex rel. Glover v. Jackson State Univ.*, 968 So.2d 1267, 1278

(Miss. 2007) (citing *City of Jackson v. Estate of Stewart ex rel. Womack,* 908 So.2d 703, 715 (Miss. 2005) and *Gulledge v. Shaw,* 880 So.2d 288, 293 (Miss. 2004)). As for intervening acts and foreseeability, Mississippi law has long held that a cause of injury is not superseding if it is foreseeable. See, e.g., *Glover,* 968 So.2d at 1279-80 ("where the intervening cause of injury was foreseeable, it cannot supercede the liability of the defendant"); *O'Cain v. Harvey Freeman & Sons, Inc. of Miss.,* 603 So.2d 824, 830 (Miss.1991) ("[A]n independent intervening cause is one that could not have been reasonably foreseen by the defendant while exercising due care"). As the Mississippi Supreme Court has confirmed, even a criminal act by a third party is not a superseding cause if it was foreseeable. See *Glover,* 968 So.2d at 1279-80 (finding that a rape was not a superseding cause of injury when it was a reasonably foreseeable consequence of defendant's negligence).

Utilizing these principles in the case *sub judice*, the Court finds that Rogers has stated a plausible claim for relief against Mitchell for negligence – Rogers alleges that Mitchell, who was the managing employee of the subject restaurant on the night in question and was acting in the course and scope of his employment, negligently created, or failed to prevent or control, an atmosphere of hostility towards Rogers by consuming alcohol while on duty, inflaming a hostile atmosphere towards Rogers, and furnishing the weapon that was used to stab Rogers, and that Rogers suffered foreseeable injuries and damages as a result of Mitchell's negligence. *See* Amd. Compl., Doc. No. 22, at pp. 2-3.

Based on the facts averred in Rogers' Amended Complaint and Mississippi law as it relates to claims of negligence, the Court finds that, at this juncture, Rogers has set forth a plausible claim for relief against Mitchell for negligence, and Mitchell's motion to dismiss the pending negligence claim against him pursuant to Rule 12(b)(6) shall therefore be denied.

### B. Plaintiff's Claims against Defendant Tallahatchie Gourmet

Rogers asserts two claims for negligence against Tallahatchie Gourmet – first, that it is vicariously liable for Mitchell's negligence because Mitchell was acting in the course and scope of his employment at the time of the subject events; and second, that Tallahatchie Gourmet is liable for its own negligence in failing to adequately train Mitchell to take reasonable precautions to control and maintain the premises in a reasonably secure and safe condition and to avoid and defuse a hostile environment or any altercations occurring on the premises. *See* Amd. Comp., Doc. No. 22, at p. 3.

Tallahatchie Gourmet argues that Rogers fails to state a claim for relief for two reasons. First, it argues that Rogers has failed to plead facts that would support a claim under the newly enacted Mississippi Landowners Protection Act, Miss Code Ann. § 11-1-66.1, which took effect on July 1, 2019. Second, it argues that Rogers fails to state a common law negligence claim. The court considers these arguments in turn.

Earlier this year, Mississippi enacted the Landowners Protection Act, Miss Code Ann. § 11-1-66.1 ("the Act"). The Act, which went into effect on July 1, 2019 - after this suit was filed - modifies Mississippi premises liability for intentional acts of third parties. In general, the Act defines the level and type of proof necessary to establish a premises liability claim based on the intentional conduct of a third party.

In the case *sub judice*, the Court finds that the Act is not relevant to determining whether Rogers has stated a viable claim under Rule 12(b)(6). First, Rogers is not making a premises liability claim, but rather is asserting that Tallahatchie Gourmet is vicariously liable for Mitchell's negligence and is further negligent in its own right for failing to properly train Mitchell. *See* Amd. Compl., Doc. No. 22, at pp. 2-3. Second, even if Rogers had asserted such a claim, the provisions

of the Act would not apply to this action because this case was filed before the Act took effect on July 1, 2019. See *Mladinich v. Kohn*, 186 So. 2d 481, 483 (Miss. 1966) (holding that statutes "will be construed to have a prospective operation only, unless a contrary intention is manifested by the clearest and most positive expression"). The Act manifests no such intention to have any retroactive application, certainly not by the "clearest and most positive expression," and instead makes clear that it was effective on July 1, 2019. Miss. Code Ann. § 11-1-66.1.[2]

As for Tallahatchie Gourmet's argument that Rogers fails to state a common law negligence claim, the Court finds, for many of the same reasons set forth above as to Defendant Mitchell, that the Plaintiff Rogers has, at this juncture, adequately set forth viable claims for negligence against Tallahatchie Gourmet. First, Rogers asserts that Mitchell negligently created an unsafe and hostile environment towards Rogers and that Tallahatchie Gourmet is vicariously liable as a result because Mitchell was acting within the course and scope of his employment when the subject events occurred; under Mississippi law, an employer can be held liable for the torts of an employee "when the torts are 'committed within the scope of employment.'" *Parmenter v. J&B Enters.*, 99 So. 2d 207, 215 (Miss. Ct. App. 2012) (citing *Favre v. Wal-Mart Stores, Inc.*, 820 So. 2d 771, 773 (Miss. Ct. App. 2002)). Rogers also asserts that Tallahatchie Gourmet was negligent in failing to train Mitchell to maintain the premises in a safe condition, and that this failure subjects Tallahatchie Gourmet to possible liability for its own negligence. See *Foradori*, 523 F.3d at 494 (holding that, under Mississippi law, defendant business "had a duty to take reasonable precautions to train its managers and employees to deal with such [potentially violent]

---

[2] In any event, the Fifth Circuit has ruled that a court errs when it "improperly subtitut[es] an 'evidentiary standard' for a 'pleading requirement.'" *Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 12, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)). While Rogers may need certain evidence to survive summary judgment, the only issue presently before this court is whether he has stated viable claims for negligence.

situations and attempt to prevent them from escalating into unreasonable risks of bodily harm to customers"). Rogers further avers that the injuries sustained by the Plaintiff were a reasonably foreseeable result of Mitchell's negligent conduct and that, by virtue of his employment status at the time of the events, Defendant Tallahatchie Gourmet is vicariously liable under the doctrine of *respondeat superior*. See Amd. Compl., Doc. No. 22, at pp. 2-3.

In sum, Rogers alleges that Tallahatchie Gourmet owns the restaurant where the subject events took place and employed Defendant Mitchell on the date in question, and that Mitchell, who was the managing employee on duty at the restaurant on February 9, 2019, and was acting in the course and scope of his employment at the time, negligently created, or negligently failed to prevent, a hostile and unsafe environment that led to Rogers' injuries. Rogers avers that Tallahatchie Gourmet is vicariously liable for Mitchell's negligence because Mitchell committed his negligent acts while he was in the course and scope of his employment. Rogers further avers that Tallahatchie Gourmet was negligent in failing to train Mitchell to maintain the premises in a safe condition. The Court finds, based on the applicable law set forth above, that Rogers' Amended Complaint contains sufficient factual averments, accepted as true, to state claims for relief that are plausible on their face as to Defendant Tallahatchie Gourmet, and that Rogers thus states viable causes of action for negligence sufficient to avoid dismissal under Rule 12(b)(6). As a result, the Court finds that Defendant Tallahatchie Gourmet's motion to dismiss Rogers' claims against it pursuant to Rule 12(b)(6) should be denied.

## IV.  CONCLUSION

As outlined herein, the Court finds that the Plaintiff has stated sufficient facts to maintain, at the present juncture, his claims for negligence against both Tallahatchie Gourmet and against Torrey Mitchell. Accordingly, the Defendants' motions to dismiss Rogers' claims pursuant to

Rule 12(b)(6) shall be denied.

An order in accordance with this opinion shall issue this day.

THIS, the 3rd day of January, 2020.

/s/ Glen H. Davidson
_____
SENIOR U.S. DISTRICT JUDGE