IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**RUSSELL ROGERS**                                                                         **PLAINTIFF**

**V.**                                                 **NO.: 3:19-CV-142-GHD-JMV**

**THE TALLAHATCHIE GOURMET,**
**L.L.C., AND TORREY MITCHELL**                                 **DEFENDANTS**

### ORDER DENYING MOTION TO MODIFY PROTECTIVE ORDER

This matter is before the court on the Motion [151] of The Tallahatchie Gourmet, L.L.C., to modify the Protective Order [109] entered on July 29, 2020, to permit counsel for the movant to comply with an Order dated February 11, 2022, regarding the production of medical records, entered in *State of Mississippi v. Lane Douglas Mitchell,* Cause No. CR2019-129, which is pending in the Circuit Court of Union County, Mississippi ("the State Court Action"). As more particularly described below, the motion is denied.

### Procedural History

By way of background is the following:

On March 27, 2019, Lane Mitchell was indicted on the charge of attempted murder in the State Court Action. Mitchell is represented in that case by Victor Fleitas and Chandler Rodgers, who on June 10, 2019, filed a discovery motion seeking, in relevant part, that the prosecution produce evidence:

> which is favorable to the defendant on the issue of guilt, including, but not limited to:
>
> 10. All evidence in the prosecutor's possession or available to the prosecution
>    (a) Unfavorable evidence with respect to prosecution witnesses;

Then, on June 28, 2019, Russell Rodgers, the alleged victim of Mitchell, filed, through his counsel, Charlie Merkel, the instant civil suit against Mitchell's father, Torrey Mitchell, who was the bartender and manager of the Tallahatchie Gourmet L.L.C. ("TGLLC"), where the alleged offense is said to have occurred. TGLLC was also named as a defendant in this civil action. Torrey Mitchell is represented by Stephen W. Vescovo and two of his law partners at the firm of Lewis, Thomason, King, Krieg & Waldrop, and TGLLC is represented by Jay Atkins and his partner Erica Lloyd. Rogers alleged in his complaint that that the defendants were liable for negligence that proximately caused or contributed to his injuries.

On joint request of the parties in this civil action, a protective order ("PO") was entered in this case on July 29, 2020 [109]. In relevant part, the PO restricts the disclosure of certain documents, including medical records of the plaintiff produced to defendant(s) in the civil litigation. *See* [109] at ¶1. This restriction includes a prohibition on the use of such documents for any purpose other than the subject litigation and restricts disclosure of such records to the parties hereto or their representatives. *Id.* at ¶2, ¶4. The PO also provides, with respect to return or destruction of all such documents as follows:

> 9. At the conclusion of litigation, the confidential informatioi1and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed (to the extent commercially reasonable), except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

[109] at ¶9.

On November 24, 2020, the parties informed the court that the instant civil case had been settled, and it was administratively dismissed without prejudice on the docket at that time.[1]

---

[1] On December 16, 2020, a stipulation [144] was filed pursuant to Rule 41(a)(1)(ii), and the action was dismissed with prejudice.

Thereafter, on December 8, 2020, counsel for the criminal defendant, Mitchell, moved in that case for production of evidence[2] including, according to the motion, such medical records and other documents of Rogers as were produced in the instant civil action. The motion sought also to preserve all such records. In relevant part, the motion in the criminal case asserts:

> On or about December 3, 2020, the Defendant was advised by Jay Atkins, counsel in the case styled and numbered, Russell Rogers v. The Tallahatchie Gourmet, LLC, et al, Civil Action No. 3:19-cv-00142-GHD-JMV, that certain information, including medical records and, arguably, deposition testimony of Russell Rogers, potentially fell within the confines of a protective order entered in the aforementioned case.
>
> 11.
>
> The evidence sought by the Defendant is relevant to the issues raised in this case (*i.e.*, his theories of defense). Furthermore, the evidence sought by the Defendant may only be obtained by the State of Mississippi via court-ordered production by a third-party.
>
> 17.
>
> The evidence which the Defendant seeks preservation of is evidence that the Defendant does not have the ability to obtain other than from the State of Mississippi, and/or third-parties, and the State of Mississippi has a duty to preserve the same. *See Matthews v. State*, 132 So.3d 646 (Miss. App. 2014). Equally, the preservation of the subject evidence is necessary because of

Among the relief requested in the December 8, 2020, motion in the criminal action was the following:

---

[2] This was the same evidence that had previously been requested by Mitchell of the State as aforementioned on June 10, 2019, and apparently was later requested of the State on December 3, 2020.

2. Following a hearing in this matter, enter an Order compelling the State of Mississippi and Jay Atkins, Esq. to produce the information requested in Requests A., B. and C. hereinabove; and

3. Following a hearing in this matter, enter an Order requiring the State of Mississippi, and/or Jay Atkins, Esq., to designate any evidentiary items to which production is sought and objection is made to submit the same to the Court for an *in camera* production determination; and

5. Following a hearing in this matter, enter an Order preventing the destruction and/or deletion of any evidence sought herein as the same is potentially relevant to this case and directing that all evidence sought be preserved pending further order of the Court; and

On the same day, December 8, 2020, state court judge entered an agreed order between counsel for the state and counsel for Mitchell, providing essentially that all information in the instant civil action shall be preserved and not destroyed pending a hearing on the motion for production of the same described above. The December 8, 2020, order in the criminal case also states:

THAT counsel for the Defendant is hereby instructed to forward a copy of this Order to all counsel of record in the case of Russell Rogers v. The Tallahatchie Gourmet, LLC, et al, Civil Action No. 3:19-cv-00142-GHD-JMV.

Upon receipt of the above state court order, counsel for the parties in the instant civil case sought a status conference with this court. *See* minute entry at [143]. Based thereon, on December 11, 2020, an order [142] amending the deadline for performing the obligation to

destroy or return as set forth in paragraph 9 of the aforementioned PO was entered so that the deadline would not expire until 91 days following the dismissal of the civil case.

On January 8, 2021, counsel for the defendant in the state court case issued a subpoena for production of the aforementioned documents to Jay Atkins (when service occurred is unknown to the undersigned). Then, on January 14, 2021, counsel in the state court case requested a telephone conference with this court regarding the PO, and with the consent and joint attendance of counsel in this case, a telephone conference was held. The court explained that no motion or request by a party was before this court, and absent the same, no relief or action on the PO was anticipated by this court.

On February 18, 2021, Mr. Atkins moved in the state court action to quash the subpoena issued to him on January 8, 2021. Thereafter, counsel in the instant civil action again approached this court to discuss a proposed second amendment to paragraph 9 of the PO in light of the fact that pursuant to the first amended PO [142], the destruction or return obligation addressed therein had to be exercised prior to the scheduled hearing date on Mr. Atkins' motion to quash. At the conference, the parties discussed and the undersigned consented to a further 60 day extension of the deadline under paragraph 9 of the PO. *See* minute entry at [148].

The docket reflects no further action in the instant case until a year later, in mid-February 2022, when Mr. Atkins on behalf of TGLLC filed the instant motion [151] to modify the subject PO after an order dated February 11, 2022, was entered in the state court action. The February 11, 2022, state court order does not indicate any particular motion it is entered on the basis of, but ultimately orders Mr. Atkins to produce to the state court judge, *in camera*, certain medical records that are subject to the PO entered in the instant civil case. Mr. Atkins' motion to modify [151] seeks to have the PO amended to permit Mr. Atkins to produce the aforementioned medical records *in camera* in the state court action in order to comply with the state court order

of February 11, 2022. The motion to modify does not assert any grounds for modification of the PO other than the recent entry of the February 11, 2022, order requiring him to produce the documents as aforesaid. The motion to amend the PO is adamantly opposed by Plaintiff whose counsel argues that neither he nor his client were given notice of, or an opportunity to be heard, in the state court action prior to the entry thereof of the earlier order dated December 8, 2021, directing that Jay Atkins preserve, rather than destroy, certain of Russell's medical records, as Atkins was required to do pursuant to paragraph 9 of the PO. Essentially, Plaintiff argues in opposition to the instant motion to modify PO that he produced the subject records to Mr. Atkins only in reliance upon those records being treated in accord with the subject PO, and no basis to modify the PO has been demonstrated. For the reasons discussed more fully below, the court is likewise unpersuaded that a modification of the PO is warranted under the applicable law.

## Modification of a Protective Order

A court has discretion to modify a protective order it has entered so long as the order remains in effect. *Peoples v. Aldine Independent School District*, Civil Action No. 06-2818, 2008 WL 2571900, *2 (S.D. Tex. 2008) (citing *United Nuclear Corp. v. Cranford Ins.. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990)). The court retains this power even if the underlying suit has been dismissed. *Peoples*, 2008 WL 2571900 at *2. This flexibility permits a party to seek modification of a protective order. *Id.* A nonparty may also seek access to protected materials through intervention under Federal Rule of Civil Procedure 24. *Id.* In determining whether to modify a protective order in the civil context, courts consider four factors: (1) the nature of the protective order; (2) the foreseeability, at the time of issuance of the order, of the modification requested; (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification. *United States v. Morales*, 807 F.3d 717, 723 (5th Cir. 2015) (citing *Peoples*, 2008 WL 2571900 at *2).

A.   **The Nature of the Protective Order**

Turning to the four factors in the instant case, the Court first considers the nature of the subject PO. "When evaluating the nature of a protective order, courts consider 'its scope and whether it was court imposed or stipulated to by the parties.'" *Peoples,* 2008 WL 2571900 at *2 (quoting *Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.,* 234 F.R.D. 175, 179 (N.D. Ill. 2006)). As to the scope of the instant PO, it plainly applies to Rogers' medical records at issue and Mr. Atkins and his client, as well as the other parties and counsel in this action, stipulated thereto. "A party's prior consent to the protective order will weigh against its motion for modification." *Id.* at *2 (quoting *Bayer AG and Miles, Inc. v. Barr Labs., Inc.,* 162 F.R.D. 456, 466 (S.D.N.Y. 1995)). The nature of the subject PO weighs against the modification request.

B.   **Foreseeability**

As to the factor of foreseeability, the question is "whether the need for modification of the order was foreseeable at the time the parties negotiated the original stipulated protective order." *Id.* (quoting *Murata,* 234 F.R.D. at 180 (quoting *Bayer,* 162 F.R.D. at 466)). "[A] party's oversight in not negotiating a provision in a protective order considering a matter which should have been reasonably foreseeable at the time of the agreement has been held not to constitute good cause for relief from the protective order." *Id.* (quoting *Murata,* 234 F.R.D. at 180 (quoting *Jochims v. Isuzu Motors Ltd.,* 145 F.R.D. 499, 502 (S.D. Iowa 1992))). Lane Mitchell was under indictment in the State court action at the time the subject PO was jointly proposed and entered in this case. The foreseeability factor weighs against the modification request.

C.   **Reliance**

As to the factor of reliance, it focuses on "the extent to which a party resisting modification relied on the protective order in affording access to discovered materials." *Id.* (quoting *Murata,* 234 F.R.D. at 180 (quoting *Bayer,* 162 F.R.D. at 467)). Courts have found it

"presumptively unfair . . . to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *Id.* (quoting *AT&T Corp. v. Sprint Corp.,* 407 F.3d 560, 562 (2d Cir. 2005) (quoting *S.E.C. v. TheStreet.com,* 273 F.3d 222, 230 (2d Cir. 2001))). Rogers certainly asserts he relied on the subject PO in giving access to medical files. This factor weighs against the modification request.

   D.     **Good Cause**

As to whether good cause exists for the modification, this requires "changed circumstances or new situations" warranting modification. *Id.* at *3 (quoting *Murata,* 234 F.R.D. at 180). In determining whether the moving party has established good cause, "the court must weigh that party's need for modification against the other party's need for protection, and ought to factor in the availability of alternatives to better achieve both sides' goals." *Id.* (quoting *Murata,* 234 F.R.D. at 180). In this case, the specter of the state court criminal action was well known by the movant when it entered the subject PO, and in reliance thereon, the Plaintiff produced his medical records to movant. As discussed above with respect to foreseeability, this is not a new circumstance.

Moreover, while the State/prosecution certainly has important disclosure obligations in criminal matters, there has been no demonstration here that Mr. Atkins, who is a civil attorney or his client in this civil action, TGLLC, is either a party or counsel, much less the state or instrumentality thereof, in the state court criminal case with legal obligations of disclosure to the defendant pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) or otherwise. Furthermore, Rogers through his counsel has offered to make the names and known addresses of all of his medical providers available to the defendant's counsel in the state court proceeding who can then seek to obtain the authenticated records from the actual source of the same. In other words, there is what,

in fact, would appear to be a better alternative available to the defense to obtain production of the medical records.

Finally, to be clear, the undersigned hereby makes no ruling with respect to what obligations the State/prosecution has pursuant to *Brady* or otherwise in the criminal case, nor need it be concerned therewith as the State/prosecution is not, and has never been, a party to the PO. On the other hand, Jay Atkins, a civil litigator, and TGLLC, a private business establishment, are parties to the PO.

## Conclusion

Based on the above analysis, including the failure of movant to make any argument of law to support modification, the request to modify the PO will be denied. That being said, the Court believes it is not unreasonable under the circumstances to reserve for a period of time, a decision on the immediate destruction of the subject documents in Mr. Atkins' possession so as to permit reapplication for a modification of the subject PO upon a demonstration of a legal rational for doing so.

**SO ORDERED,** this the 16th day of March, 2022.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE